United States District Court

Eastern District of California

Michael O. Marich,

        Plaintiff,                          No. Civ. S 02-1367 FCD PAN P

   vs.                                  Findings and Recommendations

D. K. Butler, et al.,

        Defendants.

-oOo-

    Plaintiff claims defendant Butler, warden at California State Prison Folsom continues to violate plaintiff's rights under the Eighth Amendment by denying adequate medical care for, and appropriate work classification in light of, his progressive degenerative disc disease of the cervical spine, hypertension and Hepatitis C.  Plaintiff seeks only injunctive relief including adequate diagnosis of his diseases, physical therapy, classification as medically unassigned and transfer to a medical facility.

1   September 24, 2004, the court granted summary judgment for
2 defendant in part, adjudicating in defendant's favor all claims
3 except those concerning the propriety of plaintiff's work
4 assignment as related to his medical restrictions.
5   Defendant now seeks summary judgment on the remaining issue.
6 Defendant contends plaintiff's claim for injunctive relief on
7 this issue is moot because he was transferred to California State
8 Prison--Solano July 28, 2004.
9   Plaintiff opposed March 3, 2005, claiming that his medical
10 condition still mandates he be medically unassigned.
11   In seeking summary judgment the moving party must establish
12 no genuine issue of material fact exists and the moving party is
13 entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).
14 An issue is "genuine" if the evidence is such that a reasonable
15 jury could return a verdict for the opposing party. Anderson v.
16 Liberty Lobby Inc., 477 U.S. 242 (1986).  A fact is "material" if
17 it affects the right to recover under applicable substantive law.
18 Id.  The moving party must submit evidence that establishes
19 issues upon which the movant bears the burden of proof; if the
20 movant does not bear the burden of proof on an issue, the movant
21 need only point to the absence of evidence to support the
22 opponent's burden.  Celotex Corp. v. Catrett, 477 U.S. 317, 324
23 (1986).  To avoid summary judgment on an issue upon which the
24 opponent bears the burden of proof, the opponent must present
25 affirmative evidence sufficiently probative such that a jury
26 reasonably could decide the issue in favor of the opponent.

1  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574,
2  588 (1986).
3      Claims that a prisoner's assigned work exceeds his physical
4  capacity are covered under the Eighth Amendment and require a
5  showing that an official was deliberately indifferent to a known
6  serious medical need. Mays v. Rhodes, 255 F.3d 644, 649 (8th
7  Cir. 2001), citing Choate v. Lockhart, 7 F.3d 1370, 1373-4 (8th
8  Cir. 1993).  "In this context, deliberate indifference requires a
9  showing defendant knowingly compelled petitioner to perform
10 physical labor that was beyond his strength, dangerous to his
11 health, or unduly painful."  Mays at 649, citing Choate at 1374
12 and Williams v. Norris, 148 F.3d 983, 987 (8th Cir. 1998).
13     Petitioner's claim for injunctive relief is moot with
14 respect to defendant Butler because plaintiff is no longer
15 confined under Butler's authority. Weinstein v. Bradford, 423
16 U.S. 147, 148-49 (1975); Preiser v. Newkirk, 422 U.S. 395, 401-
17 03; Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  This
18 court lacks jurisdiction to enjoin the conduct of any unnamed
19 official at California State Prison--Solano.
20     Accordingly, the court hereby recommends defendant's
21 September 20, 2004, supplemental motion for summary judgment be
22 granted and judgment be entered for defendant.
23     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
24 findings and recommendations are submitted to the United States
25 District Judge assigned to this case.  Written objections may be
26 filed within 20 days of service of these findings and

1  recommendations.  The document should be captioned "Objections to
2  Magistrate Judge's Findings and Recommendations."  The district
3  judge may accept, reject, or modify these findings and
4  recommendations in whole or in part.
5      Dated:  May 31, 2005.

             /s/ Peter A. Nowinski
             PETER A. NOWINSKI
             Magistrate Judge